162 So. 186

**STATE v. DIETRICH.**

No. 33364.

April 29, 1935.

Rehearing Denied May 27, 1935.

Ponder & Ponder, of Amite, for relator.

Robert S. Ellis, Jr., Dist. Atty., of Amite, for the State.

O'NIELL, Chief Justice.

The question in this case is whether Act No. 237 of 1914 was repealed by Act No. 2 of 1929 (Ex. Sess.), amending section 92 of Act No. 296 of 1928, or was repealed only in so far as it might have been in conflict with the act of 1928. The relator, Gemeth Dietrich, was convicted for having violated the act of 1914, and has brought the case here on a writ of certiorari.

The act of 1914 makes it a misdemeanor to injure a person by gross recklessness in the operating of an automobile, the penalty being a fine not exceeding $1,000 or

imprisonment for a term not exceeding two years, or both the fine and imprisonment, within these limits. Section 4 of Act No. 296 of 1928 (which was superseded by Act No. 21 of 1932) made it unlawful to drive on a highway any vehicle carelessly, or in wanton disregard of the rights or safety of others, or in such manner or at such speed as to endanger any person or property. That section declares that the penalty for a violation thereof is found in section 77 of the act; but section 77 says that, "Every person convicted of reckless driving under Section 3 of this Act shall be punished," etc. The reference to section 3 seems to have been a mistake, the intention having been to refer to section 4. The penalty prescribed, for the first offense, was imprisonment for a term not less than 5 nor more than 90 days, or a fine not less than $25 nor more than $500, or both the fine and imprisonment, within these limits; and the penalty prescribed for a second or subsequent conviction was imprisonment for a term not less than 10 days nor more than 6 months, or a fine not less than $50 nor more than $1,000, or both the fine and imprisonment, within these limits. Section 92 of the act, which was the repealing clause, declared: "That all laws, or parts of laws, in conflict herewith are hereby repealed, especially all provisions of Act 232 of the Regular Session of the Legislature of 1926, in conflict herewith." Act No. 232 of 1926 was, like Act No. 296 of 1928, an act to provide for the regulation of traffic

on the public highways. The repealing clause, in section 92, of the act of 1928 did not repeal Act No. 237 of 1914, because the act of 1914 was not in conflict with the act of 1928. The repealing clause in the act of 1928 repealed only such provisions of the act of 1926 as were in conflict therewith. Act No. 2 of the Extra Session of 1929 amended and re-enacted sections 89 and 92 of Act No. 296 of 1928. The amendment of section 89 consisted merely of an elimination of a proviso, to the effect that the penalties should not apply to a municipality having more than 15,000 inhabitants and having an ordinance regulating traffic. Section 92 of the statute was amended so as to provide: "That all laws, or parts of laws in conflict herewith are hereby repealed, especially all provisions of Act 232 of the Regular Session of the Legislature of Louisiana for the year 1926; especially all provisions of Act 237 of 1914; especially all provisions of Act No. 22 of 1926; especially all provisions of Act 42 of 1922, in conflict herewith." Our opinion is that the concluding and qualifying expression "in conflict herewith" must be read in connection with the expression "especially all provisions of Act 237 of 1914," and must be read in connection also with the expression "especially all provisions of Act No. 22 of 1926"—exactly as it is connected in the expression "especially all provisions of Act 42 of 1922, in conflict herewith." If the Legislature had intended to repeal completely these several statutes, the Legislature would

simply have enumerated the statutes, and would not have deemed it necessary to use the expression "all provisions of" these statutes "in conflict herewith." There was no reason why the Legislature should have intended to repeal completely Act No. 237 of 1914, because it provides a penalty for an offense quite different from any offense denounced by the act of 1928. Section 4 of the act of 1928 made it a misdemeanor to drive any vehicle recklessly on a highway, even though no person or property should be injured. The act of 1914 makes it a misdemeanor to injure a person by reckless driving of an automobile, whether on a highway or elsewhere. The act of 1928 has been superseded by Act No. 21 of 1932, regulating traffic on the public highways. Rule 3, under title 2, in section 3 of the act of 1932, is a reproduction of section 4 of the act of 1928.

Our conclusion is that the effect of Act No. 2 of the Extra Session of 1929, amending section 92 of Act No. 296 of 1928, was merely to repeal any provision in Act No. 237 of 1914 (or in any other of the acts enumerated in the repealing clause) that might be ·found to be in conflict with the act of 1928. In so far as the act of 1914 makes it a misdemeanor to injure a person by gross recklessness in the operating of an automobile, the act is not in conflict with Act No. 296 of 1928, or its successor, Act No. 21 of 1932, providing for the regulation of traffic on the public highways.

The conviction and sentence are affirmed